IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **CAMERON J. JAWORSKI**<br>1873 Sir Richards Court<br>Finksburg, Maryland 21048 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. _____ |
| | * | |
| **SEAN J. SCANLON**<br>205 Wallingford Drive<br>Pittsburg, Pennsylvania 15237 | * | |
| | * | |
| Defendant. | * | |
| Plaintiffs, | * | |

\* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Sean J. Scanlon ("Mr. Scanlon" or "Defendant"), a resident of Pennsylvania, by his undersigned counsel, hereby gives notice of his intent to remove the action titled *Jaworski v. Scanlon,* Case No. 24-C-17-004070 (the "State Court Action") from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland. True and correct copies of all court filings in the State Court Action are attached hereto as Exhibit A in accordance with Local Rule 103.5.

## Summary of Grounds For Removal

1. On August 7, 2017, Plaintiff Cameron J. Jaworski ("Mr. Jaworski" or "Plaintiff"), a Maryland resident, filed a Complaint in the Circuit Court for Baltimore City naming Mr. Scanlon in the aforementioned State Court Action.

2. Mr. Scanlon was not served with the Complaint until July 9, 2018.

3. Mr. Jaworski is a citizen of Maryland. See Complaint, at ¶ 1. Mr. Scanlon is a citizen of Pennsylvania. See Complaint, at ¶ 2. The State Court Action is properly removed to this Court because there is complete diversity of citizenship between the Plaintiff and the Defendant in this case.

4. The amount in controversy alleged by the Plaintiffs is in excess of $75,000, exclusive of interest and costs, the jurisdictional threshold for removal to the United States District Court on the grounds of diversity of citizenship.

## Compliance with 28 U.S.C. §§ 1441, 1446

5. Mr. Scanlon was served with the Complaint on July 9, 2018.

6. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...."

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents and orders served on the defendant in connection with the State Court Action are attached as the aforementioned Exhibit A.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiff through its counsel of record and filed with the Clerk of the Circuit Court for Baltimore City, Maryland. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

9. Pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the State Court Action to this Court is appropriate. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

### Jurisdiction – Diversity of Citizenship; Venue

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332. As required by 28 U.S.C. § 1332, at the time the Complaint was filed, complete diversity of citizenship existed between Plaintiff and Defendant and diversity of citizenship has existed at all times from that date until the date of the filing of this Notice of Removal.

11. Venue is proper in this Court.

### Amount in Controversy

12. In his Complaint, Plaintiff seeks damages "in an amount in excess of $75,000." Thus, the amounts that Plaintiff alleges expressly exceed the $75,000 jurisdictional minimum, exclusive of interest and costs. See JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (jurisdictional amount is determined by amount plaintiff alleges in good faith in complaint, unless the court determines that plaintiff is not entitled to that amount by a legal certainty).

### Compliance with Local Rule 103

13. In accordance with Local Rule 103.5(a), within thirty (30) days after the filing of this Notice of Removal, Mr. Scanlon will file true and legible copies of all other papers, if any, then on file in the State court, together with a certification from counsel that all filings in the

State Court action have been filed in the United States District Court for the District of Maryland.

## Reservation of Rights

14. Defendant specifically reserves the right to amend or supplement this Notice of Removal.

15. Defendant also reserves all defenses it may assert against Plaintiff's claims, including, without limitation, any defect as to venue or jurisdiction.

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based upon diversity of citizenship between Plaintiff and Defendant, and removal pursuant to 28 U.S.C. § 1441(a) is appropriate.

Respectfully submitted,

/s/ Jerald J. Oppel

Jerald J. Oppel, Bar No. 00652
joppel@bakerdonelson.com
Jack R. Daley, Bar No. 29187
jdaley@bakerdonelson.com
Baker, Donelson, Bearman, Caldwell
   & Berkowitz, PC
100 Light Street, 19th Floor
Baltimore, Maryland 21202
(410) 685-1120
(410) 263-4179 (facsimile)

*Attorneys for Sean J. Scanlon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of August, 2018, a copy of Defendant's' Notice of Removal was mailed via first-class mail to

Craig I. Meyers, Esquire
Berman, Sobin, Gross, Feldman & Darby LLP
481 N. Frederick Avenue, Suite 300
Gaithersburg, MD 20877

*Attorneys for Cameron J. Jaworski*

                                                                                Jack R. Daley