IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| CAMERON J. JAWORSKI <br> 1873 Sir Richards Court <br> Finksburg, Maryland 21048 <br><br> Plaintiff, <br><br> v. <br><br> SEAN J. SCANLON <br> 205 Wallingford Drive <br> Pittsburg, Pennsylvania 15237 <br><br> Defendant. | * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: 24-C-17-004070 <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

* * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

NOW COMES the Plaintiff, Cameron J. Jaworski, by and through his attorneys, Craig I. Meyers and Berman, Sobin, Gross, Feldman & Darby LLP, and sues the Defendant, Sean J. Scanlon, and for a cause of action states:

1. Plaintiff Cameron Jaworski is an adult resident of Carroll County, Maryland.

2. Defendant Sean Scanlon is an adult resident of Pennsylvania.

3. Baltimore City is a proper venue for this action.

4. On or about July 17, 2015, Plaintiff Jaworski was working for Paradise Watersports in Ocean City, Maryland.

5. The Plaintiff was stationary on a jet ski, observing and supervising customers of Paradise Watersports, in the bay, at or near 12913 Ocean Gateway, Ocean City, Maryland.

6. At the same time and place Defendant Scanlon was operating a jet ski in the bay, near the Plaintiff.

7. Defendant Scanlon, in violation of the rules he agreed to for the jet ski and in violation of the Coast Guard Rules of the Road, was racing and operating the jet ski at a high rate of speed, and was doing "360s."

8. Defendant Scanlon negligently lost control of the jet ski and struck the Plaintiff and his jet ski, causing severe injury to the Plaintiff.

9. The location of the collision occurred was in the Isle of Wight Bay, near where it connects to Sinpuxent Bay, and is a navigable waterway.

10. Federal Maritime Law applies to this incident, including, but not limited comparative negligence.

11. Defendant Scanlon owed the following duties to the Plaintiff: to pay proper time and attention; to travel at a safe and reasonably prudent speed; to keep a proper lookout; to use the throttle when steering; to see that which was there to be seen; to control his speed to avoid a collision; to operate his watercraft under 6 knots; to use all means to avoid a collision; to pass at a safe distance; to avoid impeding the safe passage of another vehicle; to avoid striking stationary watercraft; to pass to the starboard side; to keep out of the way of a vessel not under command; to operate a watercraft or jet ski in a prudent manner; to obey the USCG Navigation Rules and Regulation and Rules of the Road, the standard of care, the laws and rules for navigable waters, and the laws of the State of Maryland.

12. Defendant Scanlon was negligent in that he breached each of the above duties when he acted as described above and struck the Plaintiff's watercraft.

13. As a direct and proximate result of the Defendant's negligence, the Plaintiff has suffered and will continue to suffer severe physical injuries and mental anguish; the Plaintiff has incurred large medical bills and related costs; the Plaintiff has suffered the loss of portions of his

intestines and related anatomy; the Plaintiff has missed time from work and school; the Plaintiff has lost earning capacity; the Plaintiff has suffered property damage; and the Plaintiff has suffered a severe and permanent injury.

14. The above occurred without any contributory negligence by the Plaintiff or with an opportunity for the Plaintiff to avoid the injury.

WHEREFORE, the Plaintiff, Cameron J. Jaworski, demands judgment against the Defendant, Sean J. Scanlon, in an amount in excess of seventy five thousand dollars ($75,000.00) plus interest and the costs of this action.

Respectfully submitted,

BERMAN, SOBIN, GROSS,
FELDMAN & DARBY LLP

Craig I. Meyers, Esquire
481 N. Frederick Ave, Suite 300
Gaithersburg, MD 20877
(301) 670-7030
Attorney for the Plaintiff